*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-271

JANUARY TERM, 2017

| | | |
|---|---|---|
| In re Mary E. Hackett | } | APPEALED FROM: |
| | } | |
| | } | Office of Professional Regulation |
| | } | |
| | } | DOCKET NO. 2014-261 |

In the above-entitled cause, the Clerk will enter:

Appellant Mary E. Hackett appeals from a decision of the Board of Nursing concluding that appellant engaged in unprofessional conduct and imposing certain conditions on her license. She contends: (1) the evidence failed to support a number of the Board's findings and conclusions; (2) the conditions were unsupported and excessive; and (3) the Board improperly limited her ability to present her case. We affirm.

This case commenced in April 2015 with the filing of a specification of charges against appellant, a licensed registered nurse, alleging unprofessional conduct arising out of an incident in April 2014 while she was employed by the Rutland Regional Medical Center. The Board held a hearing on the matter in December 2015. A licensed clinical psychologist who evaluated appellant testified for the State. Appellant was represented by counsel and testified in her own behalf. Additional witnesses for appellant included her therapist, a teacher at the Rochester Elementary School where appellant was currently employed, and a character witness.

The Board issued a written decision in January 2016. The Board's findings may be summarized as follows. On April 13, 2014, appellant was working as a registered nurse on the 3:00 to 11:00 p.m. shift. Appellant testified that during this period of time she had been having trouble sleeping, was not eating properly, and was troubled by various events in her personal life. Appellant acknowledged that there were times when she was so tired that she was confused, and that she was very tired on the day in question. Appellant did not report any of this to other staff on the unit, who ultimately became concerned that she was under the influence of alcohol and sent her home. Appellant acknowledged that she was exhausted on the day in question, should not have been at work in her condition, and did not use good judgment in coming in. Appellant denied that she was under the influence of alcohol at the time in question, but acknowledged that she had problems with alcohol in the past, had two prior DUI convictions, and had been using alcohol to help her sleep. She testified that she could not recall whether she had consumed alcohol the evening before her shift. Before being sent home, appellant acknowledged that she entered an incorrect medication note on a patient's chart. Several days after the incident, appellant sent an email to her supervisor explaining that she was extremely exhausted before coming in and apologizing for not making the right decision.

A clinical psychologist testified about the results of his evaluation and diagnosis of appellant, and explained his recommendation that appellant be required to submit to drug and alcohol monitoring in light of her history of substance problems, use of alcohol for sleep, and risk of relapse. Such monitoring, in the expert's opinion, would also "serve to support [appellant] in terms of maintaining her abstinence." He also recommended that appellant be supervised while working in a nursing capacity. Appellant's current therapist testified that she had been seeing appellant weekly for problems related to depression, Attention Deficit Hyperactivity Disorder (ADHD,) and substance abuse. She recalled that appellant had acknowledged regularly using alcohol to help her sleep. She was of the view that appellant had made substantial progress, and noted that a weekly meeting with a supervisor to discuss work-related problems and other matters was common practice. A teacher with the Rochester Elementary School testified that, in her current position as a school nurse, appellant was well liked by her colleagues and the children she cared for, and had not had any work-related problems.

The Board concluded that appellant had engaged in unprofessional conduct by reporting for her shift in a condition in which, as she acknowledged, she was unfit to work, and in which she lacked the judgment to determine that she could not safely function. The Board conditioned her license to practice for two years by requiring, inter alia, that she enter into or continue substance abuse counseling until her treating professional certifies that counseling is no longer necessary; submit to random alcohol screenings; abstain from alcohol or drug use with the exception of prescribed medications; and practice as a licensed registered nurse only in a setting where she is under the direct supervision of a licensed registered nurse in good standing.

An appellate officer affirmed the Board's decision. See 3 V.S.A. § 130a(a) (providing that party aggrieved by final decision of board may appeal decision to Director of Office of Professional Regulation, "who shall assign the case to an appellate officer"); id. § 130a(a), (b) (providing that appellate officer's review shall be on record created before Board, and that appellate officer "shall not substitute his or her judgment for that of the board as to the weight of the evidence on questions of fact"). Although appellant appeared to assert that there was no evidence to support a finding that she was under the influence when she reported to work, the appellate officer noted that this was not the Board's finding; rather, the Board expressed doubt that alcohol had played no role, but relied on appellant's admissions that she was exhausted, unable to function, and exercised poor judgment in reporting for her shift. Although appellant raised several other alleged factual errors, the appellate officer found that none was material and that the Board made no significant errors in its findings of fact.

The appellate officer further determined that the Board's conclusions concerning appellant's unprofessional conduct were rationally derived from the findings. While acknowledging that the charting error identified by the Board did not result in injury to a patient or demonstrate egregious incompetence, the appellate officer observed that it was relevant as a "concrete example" of appellant's inability to function coherently at the time in question. The Board's conclusion that appellant's decision to work while mentally and physically exhausted and unable to function represented unprofessional conduct was supported by the findings.

The appellate officer also rejected appellant's claim that the conditions on her license were unsupported and excessive. Although there was no direct evidence of alcohol impairment on the date in question, the appellate officer concluded that the provisions for alcohol testing and screening were supported by appellant's admissions that she had abused alcohol in the past, which had resulted in hospitalizations and DUI's, and had continued to use it to help her sleep. Furthermore, there was expert testimony that these conditions would help appellant maintain her

2

abstinence and prevent a relapse. Appellant also claimed that the Board erred in requiring that her supervision be conducted by a licensed registered nurse rather than a layperson, asserting that this would imperil her current position as a school nurse. The appellate officer implicitly rejected the claim, concluding that "it is clear that the conditions imposed are for remediation and are intended to insure public protection."

Additionally, the appellate officer rejected appellant's claim that the Board's hearing officer improperly limited her ability to present her case by several times asking her attorney to "move this along." The appellate officer concluded that the hearing officer had done nothing improper, and that appellant had not demonstrated that her ability to present evidence and argue her case was in any way prejudiced. This appeal followed. See 3 V.S.A. §130a(c) ("A party aggrieved by a decision of the appellate officer may appeal to the Supreme Court, which shall review the matter on the basis of the records created before the board and the appellate officer.").

Where, as here, there is an intermediate level of appeal from an administrative body, "we review the case under the same standard as applied in the intermediate appeal." Tarrant v. Dep't of Taxes, 169 Vt. 189, 195 (1999). Thus, like the appellate officer, we will not substitute our judgment for that of the Board or reweigh the evidence underlying its findings. See In re Smith, 169 Vt. 162, 174 (1999) ("In reviewing the Board[] [of Nursing's] decision, we will not set aside its findings of fact unless they are clearly erroneous."). We will affirm the Board's "conclusions if rationally derived from the findings." Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 114 (1997). Moreover, we accord substantial deference to an administrative ruling where, as here, the appeal is from a "proceeding in which a professional's conduct was evaluated by a group of his [or her] peers." Id.

Assessed in light of these standards, the Board's decision must be upheld. Although appellant's claims are relatively unfocused, as below she appears to challenge the conditions imposed by the Board rather than its conclusion that she engaged in unprofessional conduct. In this regard, appellant renews her assertion that there was no evidence she was under the influence of alcohol during her shift. As the appellate officer correctly observed, however, the Board did not so find, and did not predicate the conditions for substance-abuse counseling and testing on such a finding, but rather on the substantial evidence—including appellant's own admissions—that she had struggled with alcohol abuse and was using it to self-medicate, as well as the expert psychologist's recommendation that the conditions would help appellant maintain her sobriety. Although appellant asserts otherwise, there is no evidence that the Board improperly discounted the testimony of her therapist, who merely noted that appellant had shown improvement in counseling. We find no error.

Appellant also suggests that the Board improperly relied on hearsay evidence in the psychologist's report. It is well settled, however, that the Board is not required to strictly follow the rules of evidence governing hearsay, In re Smith, 169 Vt. at 173, and the psychologist's testimony at trial, as summarized earlier, amply supported the alcohol-related conditions imposed.

Appellant further asserts that the Board's decision to require appellant's supervision by a licensed registered nurse was "undercut" by the clinical psychologist's testimony that he did not "have a strong opinion" on whether appellant required supervision by a nurse rather than a layperson. The clinical psychologist, however, did not testify as an expert in nursing practices and standards, and appellant has adduced no evidence or argument to suggest that the Board, composed of experienced professionals in the field of nursing, abused its discretion in concluding that supervision by a licensed nurse was necessary to protect the public. See id. at 172 (noting that "the

purpose underlying governmental regulation of the nursing profession is safeguarding the life and health of the people of the state") (quotation omitted)).

Appellant also renews a claim that the "punishment" imposed was excessive when compared with other Board decisions. As the appellate officer here correctly observed, however, every case must be evaluated on its own unique facts and circumstances, and the cases cited by appellant are of minimal utility. See Whittington v. Office of Prof'l Regulation, 2013 VT 93, ¶ 28 n.5, 195 Vt. 181 (noting inherent limitations in comparing administrative sanctions). Appellant has not demonstrated that the Board's two-year conditioned license was an abuse of discretion.

Finally, appellant renews her claim that the Board improperly limited her ability to present her case by the hearing officer's request to her counsel on several occasions to "move this along" or "to move this quickly." As the appellate officer here correctly observed, however, the hearing officer did not act improperly in asking counsel to proceed with dispatch through his case, and appellant has not shown that she was prejudiced in any respect. Accordingly, we discern no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

4